**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

Douglas and Janet Gunnink,

                Plaintiffs,

                                      Civ. No. 08-781 (RHK/AJB)
                                      **MEMORANDUM OPINION
                                      AND ORDER**

v.

United States Government, a/k/a United States
of America, a Federal corporation; Internal
Revenue Service, and Department of the
Treasury, a/k/a United States Treasury,

                Defendants.

Douglas and Janet Gunnink, *pro se* Plaintiffs, Gaylord, Minnesota.

Olivia R. Hussey, Trial Attorney, Tax Division, United States Department of Justice, Washington, D.C., for Defendants.

**INTRODUCTION**

The doors of this courthouse are of course open to cases that present good-faith claims, but this is not such a case. Plaintiffs Douglas and Janet Gunnink, proceeding *pro se,* filed this lawsuit against Defendants United States of America, the Internal Revenue Service ("IRS") and the Department of the Treasury, alleging misconduct by the IRS in the assessment and collection of taxes. Plaintiffs assert that this Court has jurisdiction over their claims under an array of statutory and constitutional provisions. The

Government has moved to dismiss Plaintiffs' claims. For the reasons set forth below, the Court will grant that Motion.[1]

## BACKGROUND

Plaintiffs did not pay their income taxes for 1996 and 1997. On March 30, 2001, the IRS sent two notices of deficiency to Plaintiffs, detailing their joint tax liability for 1996, and Douglas Gunnink's individual income tax liability for 1997. (Pls.' Decl. Exs. I & J.) These notices explained the manner by which Plaintiffs could challenge the IRS's determination of their tax liability, including the filing of "a petition with the United States Tax Court for a redetermination of the deficiency." (Id.) Plaintiffs responded by asserting that it was "absurd" for the IRS to claim that they owed taxes when they did not submit any tax-return forms for those years and that the actions taken by the IRS were "a fraudulent misuse of the Internal Revenue Code deficiency/assessment procedures." (Id.)[2] Plaintiffs, however, failed to timely file a petition in the United States Tax Court. On August 17, 2001, and September 10, 2001, the IRS then assessed the amounts set forth in the notices of deficiency. (See Am. Compl. Ex. E.) On May 24, 2005, the IRS issued two final notices of intent to levy and notice of their right to a hearing. (Id.) Plaintiffs, however, never availed themselves of their right to a hearing with respect to

---

[1] On July 29, 2008, the Court held a hearing on the Government's Motion to Dismiss, but both parties agreed that oral argument was unnecessary and the Motion was deemed submitted on the briefs and underlying record.

[2] The Court notes that John B. Kotmair, Jr. submitted these responses on behalf of Plaintiffs, disputing the validity of the IRS's deficiency notices. (See Pls.' Decl. Exs. I & J.) Kotmair is a well-known tax-protester. See, e.g., United States v. Kotmair, No. 07-1156, 2007 WL 2140207, at *1 (4th Cir. July 26, 2007) (affirming permanent injunction against Kotmair based on his "activities in promoting a tax evasion scheme").

2

the collection of income-tax liabilities for the tax years 1996 and 1997. On January 31, 2007, the IRS issued levies to several entities to collect Plaintiffs' income tax liability for 1996 and 1997. (Pls.' Decl. Ex. D.) As a result of those levies, the IRS collected approximately $121,518.36. (Id.)

Plaintiffs first filed the Complaint in this case on July 19, 2007, in the United States District Court for the District of Columbia. After reviewing the Government's motion to transfer venue, the case was transferred to this Court. On April 1, 2008, Plaintiffs filed an Amended Complaint, asserting twelve counts of misconduct by the IRS in the assessment and collection of taxes. Despite seeking redress under numerous statutory and constitutional provisions, the underlying relief sought by Plaintiffs can be summarized as follows: (1) the release of the allegedly illegal assessed federal tax liens and (2) damages. The Government now moves to dismiss this case, arguing lack of subject-matter jurisdiction and failure to state a claim.

## STANDARD OF DECISION

**I.  Federal Rule of Civil Procedure 12(b)(1)**

A motion to dismiss for lack of subject-matter jurisdiction may challenge the plaintiff's complaint either on its face or on the factual truthfulness of its averments. See Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993); see also Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990). In a facial challenge to jurisdiction, the court presumes that all of the factual allegations in the complaint concerning jurisdiction are true and will not dismiss the claims unless the plaintiff fails to allege an essential element for subject-matter jurisdiction. See Titus, 4 F.3d at 593.

3

In a factual challenge to jurisdiction, the court may consider matters outside the pleadings. See Titus, 4 F.3d at 593; Osborn, 918 F.2d at 729 n.6. "In short, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." Osborn, 918 F.2d at 730 (citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3rd Cir. 1977)).

Here, it is unclear whether the Government is contesting the facts alleged by Plaintiffs in their Complaint. Nevertheless, "[w]hen a party moves to dismiss an action for lack of subject matter jurisdiction under Rule 12(b)(1), the court may consider matters extrinsic to the allegations in the complaint without converting the proceedings to a Rule 56 summary judgment action because the court is 'free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" Sawad v. Frazier, No. 07-1721, 2007 WL 2973833, at *1 (D. Minn. Oct. 9, 2007) (J. Doty) (citing Osborn, 918 F.2d at 729-30).

## II. Federal Rule of Civil Procedure 12(b)(6)

The standard for evaluating a motion to dismiss under Rule 12(b)(6) is set forth in Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955 (2007). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." Id. at 1974. While Rule 8 of the Federal Rules of Civil Procedure does not require the pleading of "detailed factual allegations," a plaintiff nevertheless must plead sufficient facts "to provide the 'grounds' of his 'entitle[ment] to relief,' [which] requires

more than labels and conclusions, and [for which] a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65 (citation omitted).  A complaint cannot simply "le[ave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." Id. at 1968 (citation omitted).  Rather, the facts set forth in the complaint must be sufficient to "nudge[] the[] claims across the line from conceivable to plausible." Id. at 1974.

The pleadings of *pro se* parties "[are] to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, __U.S. __, 127 S. Ct. 2197, 2200 (2007) (internal quotation marks and citations omitted).  "Nonetheless, [a]lthough a court will read a pro se plaintiff's complaint liberally, a pro se complaint, [no less than any other complaint], must present a claim on which the Court can grant relief." Guthery v. United States, __ F. Supp. 2d __, 2008 WL 2523698, at *2 (D.D.C. 2008) (internal quotations and citations omitted).

## ANALYSIS

**I.     The United States is the Proper Defendant**

At the outset, the Court determines that it lacks jurisdiction over the Department of the Treasury and the IRS.  Neither the Department of the Treasury nor the IRS can sue or be sued.  See Castleberry v. Alcohol, Tobacco & Firearms Div., 530 F.2d 672, 673 n.3 (5th Cir. 1976) ("Congress has not constituted the Treasury Department or any of its divisions or bureaus as a body corporate and has not authorized them to be sued *eo nomine*."); Fairchild v. I.R.S., 450 F. Supp. 2d 654, 657 (M.D. La. 2006) (dismissing the

IRS from case and stating that the United States is the proper party in a taxpayer suit). Accordingly, the IRS and the Department of the Treasury are dismissed from this case. As such, the only proper defendant in this case is the United States. See Rae v. United States, 530 F. Supp. 2d 127, 129 (D.D.C. 2008) (finding that "suits for tax refunds or for damages should be brought against the United States").

It is well settled, however, that "[s]overeign immunity limits subject matter jurisdiction of the federal courts, and the United States, as sovereign, can be sued only to the extent it has waived its sovereign immunity." Krasemann v. United States, Civ. No. 07-2599, 2008 WL 2262437, at *2 (D. Ariz. May 30, 2008) (citation omitted). The burden is on the party asserting jurisdiction to "prove statutory authority vests a district court with subject matter jurisdiction in addition to proving waiver of sovereign immunity." Id. And "in cases implicating subject matter jurisdiction, federal courts are obliged to raise the issue *sue sponte* even where the parties themselves have failed to do so." Jones v. United States, 255 F.3d 507, 511 (8th Cir. 2001).

## II. Lack of Jurisdiction

### A. Constitutional Claims

Plaintiffs have alleged various constitutional violations throughout their Complaint and seek monetary damages. (See Am. Compl. Count 2: ¶ 54, Count 4: ¶ 70, Count 7: ¶ 87, Count 9: ¶ 101, Count 10: ¶¶ 109, 114, 119, 121, 122 & 124). But "Congress has not waived immunity for suits seeking monetary damages that arise under the Constitution." McKean v. United States, __ F. Supp. 2d __, 2008 WL 2573274, at *3

(D.D.C. June 30, 2008) (citations omitted).  Accordingly, the Court will dismiss Plaintiffs' constitutional claims for lack of subject-matter jurisdiction.

**B.  Claims under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-06**

This Court also lacks jurisdiction over Plaintiffs claims under the APA. (See Am. Compl. Count 8: ¶ 99, Count 9: ¶ 107, Count 10: ¶ 124.)  The APA permits "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action," to seek judicial review of that action.  5 U.S.C. § 702.  But "an action brought under the APA is barred if it concerns the assessment or collection of federal taxes."  McGuirl v. United States, 360 F. Supp. 2d 129, 132 (D.D.C. 2004) (citing Foodserv. & Lodging Inst., Inc. v. Regan, 809 F.2d 842, 844 (D.C. Cir. 1987)).  Because Plaintiffs' lawsuit concerns the assessment and collection of federal taxes, their APA claims will be dismissed pursuant to Rule 12(b)(1).

**C.  Claims for Injunctive and Declaratory Relief**

Plaintiffs' Complaint seeks injunctive relief, including an "Order from this Court commanding the Defendants [to] issue a Certificate of Release of Federal Tax Lien for tax years 1996 and 1997," and an "Order from this Court commanding the Defendants to cease and desist the issuance of the wrongful and unenforceable Notices of Levy for tax years 1996 and 1997 on all third parties holding personal property belonging to Plaintiffs."  (Am. Compl. at 33 (vi-vii).)  In response, the United States points out that Plaintiffs are precluded from obtaining injunctive relief because the Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the

7

person against whom such tax was assessed." 26 U.S.C. § 7421(a). And the Supreme Court has stated that the language of the Anti-Injunction Act "could scarcely be more explicit." Bob Jones Univ. v. Simon, 416 U.S. 725, 736 (1974). That is, "[t]he object of § 7421(a) is to withdraw jurisdiction from the state and federal courts to entertain suits seeking injunctions prohibiting the collection of federal taxes." Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 5 (1962).

Although the Anti-Injunction Act contains a number of statutory exceptions, none of those exceptions is applicable here.[3] Indeed, Plaintiffs do not invoke any of the relevant exceptions in Counts 11 and 12 – the two counts in which they seek to release the federal tax liens. (See Am. Compl. ¶¶ 131, 135.) Furthermore, despite Plaintiffs' semantic gymnastics that their claims are not barred by the Anti-Injunction Act (see Pls.' Opp'n Mem. at 22-34), the allegations in their Complaint clearly demonstrate that their claims are based upon the IRS's unlawful assessment and/or collection of taxes; the injunctive and declaratory relief sought by Plaintiffs is barred by the Anti-Injunctive Act. Accordingly, the Court will dismiss these claims.

### D. Quiet-Title Claims

In Counts 1 and 2, Plaintiffs seek to quiet title to money seized from them by the IRS's levies pursuant to 28 U.S.C. § 2410. Section 2410 provides in relevant part that "the United States may be named a party in any civil action or suit in any district court

---

[3] The statutory provisions excepted from the Anti-Injunction Act are 26 U.S.C. §§ 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), 7426(a) and (b)(1), 7429(b), and 7436. See 26 U.S.C. § 7421(a).

. . . having jurisdiction of the subject matter . . . to quiet title to . . . real or personal property on which the United States has or claims a mortgage or other lien." Plaintiffs seek to quiet title based on allegations that the notices of deficiency for tax years 1996 and 1997 were invalid and that the IRS failed to assess taxes for those years. (Am. Compl. ¶¶ 34-36, 47-52.) But Section 2410 "constitutes a waiver of sovereign immunity to a suit brought by a taxpayer against the United States which challenges the validity of a federal tax lien . . . [only] so long as the taxpayer refrains from contesting the merits of the underlying tax assessment itself." Aqua Bar & Lounge, Inc. v. Dep't of Treasury, 539 F.2d 935, 939-40 (3rd Cir. 1976) (emphasis added); see also Falik v. United States, 343 F.2d 38, 41 (2d Cir. 1965). Indeed, "[t]he principle that a taxpayer cannot use section 2410(a) to challenge the extent of, or existence of, substantive tax liability is well-settled." Robinson v. United States, 920 F.2d 1157, 1161 (3rd Cir. 1990).

Here, Plaintiffs' quiet-title claims challenge the merits and validity of the tax assessment underlying the federal tax liens in this case; therefore, the Court lacks jurisdiction over these claims. See Pollinger v. United States, 539 F. Supp. 2d 242, 251 (D.D.C. 2008) (dismissing quiet-title claim for lack of jurisdiction because plaintiff challenged the validity of the tax assessment underlying the notice of federal tax lien issued on his property). Counts 1 and 2 will be dismissed.

### E. Claims falling outside of 26 U.S.C. § 7433's limited waiver of sovereign immunity

In Counts 5 and 7, Plaintiffs seek damages under 26 U.S.C. § 7433, which provides that a taxpayer may sue only if the IRS disregards a statute or regulation "in connection with any *collection* of Federal tax." (emphasis added).

In Count 5, Plaintiffs assert that the IRS failed to comply with the procedural requirements of 26 U.S.C. §§ 6212 and 6213 and never issued notices of deficiency for tax years 1996 and 1997. (Am. Compl. ¶¶ 75-76.) Plaintiffs claim that they "are entitled to be issued a notice of deficiency for calendar years 1996 and 1997 – the prerequisite to a valid assessment. . . ." (Id. ¶ 74.)[4]

In Count 7, Plaintiffs allege that the IRS violated 26 U.S.C. § 6343(b) when it failed to release the levies. (Id. ¶ 90.) Section 6343 provides that "[i]f the Secretary determines that property has been wrongfully levied upon, it shall be lawful for the Secretary to return" the property. Plaintiffs claim that the notices of levy were invalid because they never "received an assessment, jeopardy assessment, or notice and demand for payment of tax from the Internal Revenue Service for tax years 1996 and 1997, prior to the issuance of the procedurally invalid Notices of Levy. . . ." (See id. ¶¶ 87-90; Ex. B.)

---

[4] Once the IRS determines that a tax deficiency exists, it must send the taxpayer a notice of deficiency at the taxpayer's last known address. See 26 U.S.C. § 6212(a) & (b). Section 6213 provides that a taxpayer has 90 days after the mailing of the notice of deficiency to file a petition in the Tax Court for a redetermination of the deficiency. See 26 U.S.C. § 6213(a). Here, Plaintiffs have admitted that they received the notices of deficiency for tax years 1996 and 1997 as they responded to both of them by letter, claiming that they were invalid. (See Pls.' Decl. Exs. I & J.) Thus, the record belies any claim that sections 6212 and 6213 were violated.

But, the waiver of sovereign immunity provided in Section 7433 is limited to claims that "aris[e] from the *collection* of income taxes." Buaiz v. United States, 471 F. Supp. 2d 129, 136 (D.D.C. 2007) (emphasis added); see also Ludtke v. United States, 84 F. Supp. 2d 294, 301 (D. Conn. 1999) ("It is well settled that Section 7433 does not create a cause of action for reckless or intentional conduct by an IRS employee in the determination of a federal tax, but only reckless or intentional misconduct by an IRS employee in the collection of a federal tax."); Shaw v. United States, 20 F.3d 182, 184 (5th Cir. 1994) (explaining that legislative history supports the conclusion that "a taxpayer cannot seek damages under § 7433 for an improper assessment of taxes"). Here, the claims in Counts 5 and 7 deal with the IRS's alleged failures in assessing taxes or issues regarding the proof of Plaintiffs' tax liability rather than tax-collection efforts. Thus, Counts 5 and 7 will be dismissed for lack of jurisdiction.[5]

## III.   Failure to State a Claim

Throughout Counts 3, 4, and 6, Plaintiffs allege various acts of misconduct by the IRS to support a wrongful-collection action under 26 U.S.C. § 7433. In order to establish such a claim, Plaintiffs must allege that the IRS intentionally, recklessly, or negligently disregarded a statute or regulation in connection with the collection of their taxes. Id. That they have not done.

---

[5] "Taxpayers who wish to challenge the IRS's calculation of their tax liability must file either a petition for redetermination in the Tax Court, 26 U.S.C. §§ 6213, 6214, or a refund action in the district court. 26 U.S.C. § 7422. Section 7433 was not intended to supplement or supersede, or to allow taxpayers to circumvent, these procedures." Gonsalves v. I.R.S., 975 F.2d 13, 16 (1st Cir. 1992).

11

In Count 3, Plaintiffs claim that the money seized via the IRS's levies constitutes "tangible personal property" under 26 U.S.C. § 6334(a)(13)(B)(ii) and that the IRS failed to get higher approval before serving the levies.[6]  The Court determines that this fails to state a legally cognizable claim.  The crux of Plaintiffs' argument is that the notices of levy issued to third parties that resulted in cash payments to the IRS constitute wrongful levies of their tangible personal property – "beef and organic crops."  (See Pls.' Opp'n Mem. at 34-36.)  Plaintiffs misconstrue Section 6334(a)(13)(B)(ii).  The IRS did not physically seize the cattle and/or crops, but rather obtained the proceeds from the sale of such items.  See, e.g., Popky v. United States, 326 F. Supp. 2d 594, 604-05 (E.D. Pa. 2004) (holding that a home itself would have been exempt from levy, but the proceeds from the sale of the home were not exempt).  And a "[l]evy may be made by serving a notice of levy on any person in possession of, or obligated with respect to, property or rights to property subject to levy, including receivables, bank accounts, evidences of debt, securities, and salaries, wages, commissions, or other compensation."  26 C.F.R. § 301.6331-1(a)(1).  The IRS collected cash to cover Plaintiffs' tax liability.  Thus, Count 3 fails to state a claim upon which relief can be granted.

In Count 4, Plaintiffs allege that the IRS violated 26 U.S.C. § 6330(e) because their administrative appeal was still pending "prior to the issuance of the administrative Notice of Levy."  (Am. Compl. ¶ 70.)  Section 6330 requires the IRS to provide notice of

---

[6] Section 6334(a)(13)(B)(ii) exempts from levy "tangible personal property or real property (other than real property which is rented) used in the trade or business of an individual taxpayer" unless the appropriate approval is obtained first.

a taxpayer's rights upon receiving a notice of levy. 26 U.S.C. § 6330(a). It also details the taxpayer's rights to a hearing and to appeal the decision to the tax court. 26 U.S.C. § 6330(b), (d). And Section 6330(e) provides that collection activities must be suspended during the time a hearing on a notice of levy is pending and for 90 days after a final determination is made. Plaintiffs, however, have not alleged that they requested a hearing within the 30-day period specified by section 6330(a)(3)(B). Instead, they have stated in a conclusory fashion that they "timely filed the Collection Appeal Request." (Am. Compl. ¶ 70.) But Plaintiffs cannot rely on "labels and conclusions." Twombly, 127 S. Ct. at 1965. Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).[7] Therefore, Count 4 will be dismissed because Plaintiffs have failed to state a legally cognizable claim.

With respect to Count 6, Plaintiffs allege that the IRS made unauthorized disclosures of tax information (i.e., their social security numbers) when it issued 53 levy notices for Plaintiffs' unpaid 1996 and 1997 income tax liabilities. (See Am. Compl. ¶¶ 77-84.) Plaintiffs claim that the unauthorized disclosure of their "return information" violated 26 U.S.C. § 6103(b)(6), which gave rise to a civil action pursuant to 26 U.S.C. § 7431. Plaintiffs appear to assert that they are entitled to damages pursuant to 26 U.S.C. § 7433. (Am. Compl. ¶ 84.) Count 6 fails for a number of reasons.

First, 26 U.S.C. § 7433 contains an exclusivity provision, which provides that "[e]xcept as provided by section 7432, [a civil action under section 7433] shall be the

---

[7] In addition, the record shows that the appeal related to *other* liabilities, namely penalties for filing frivolous returns. (See Am. Compl. Ex. C.)

exclusive remedy for recovering damages." 26 U.S.C. § 7433. "Because Plaintiff[s'] wrongful disclosure claim arises out of the various notices of liens and levies, i.e., out of tax collection action, [they] cannot pursue that claim under Section 7431." Pollinger, 539 F. Supp. 2d at 252 (citing Koerner v. United States, 471 F. Supp. 2d 125, 127 (D.D.C. 2007)) (concluding that the exclusivity provision of Section 7433 bars a Section 7431 lawsuit for unauthorized disclosure of tax information arising out of tax-collection activity).

The Court next considers whether Plaintiffs have sufficiently pleaded an unauthorized-collection claim for damages under 26 U.S.C. § 7433 based on the purported violation of 26 U.S.C. § 6103(b)(6). They have not. Section 6103 provides that return information shall be kept confidential and, except as authorized, shall not be disclosed. 26 U.S.C. § 6103. Here, however, disclosure was authorized: Section 6103 permits disclosure of return information "in connection with . . . collection activity . . . to the extent that such disclosure is necessary in obtaining information . . . with respect to the enforcement of any other provision of this title." 26 U.S.C. § 6103(k)(6). Notably, the IRS regulations for Section 6103 provide that the IRS may make such disclosures in order "to locate assets in which the taxpayer has an interest . . . or otherwise to apply the provisions of the Internal Revenue Code relating to establishment of liens against such assets, or levy, seizure, or sale on or of the assets to satisfy any such liability." 26 C.F.R. § 301.6103(k)(6)-1(a)(1)(vi); see also Mann v. United States, 204 F.3d 1012, 1018 (10th Cir. 2000) ("Thus, § 6103(k)(6) and the relevant regulations do permit disclosure of tax

14

return information when made in notices of lien and levy, to the extent necessary to collect on taxes assessed.").

Here, the IRS served the 53 levies in connection with the collection of Plaintiffs' outstanding tax liabilities for 1996 and 1997. The return information that was disclosed was Plaintiffs' social security numbers – the manner in which the IRS identifies taxpayers – and this disclosure was necessary in order to collect the taxes owed. Therefore, the Court concludes that Plaintiffs have failed to state an unauthorized-disclosure claim. See Glass v. United States, 480 F. Supp. 2d 162, 165-66 (D.D.C. 2007) (concluding that a notice of lien does not give rise to an unauthorized-disclosure claim) (citing Mann, 204 F.3d at 1018); Opdahl v. United States, No. 98-0262, 2001 WL 1137296, at *2 (D.D.C. Aug. 16, 2001) ("Federal courts have held that disclosure of return information in notices of levy is 'necessary to the collection activity' and thus falls within the § 6103(k)(6) exemption.") (citations omitted); accord Rhodes v. United States, 518 F. Supp. 2d 285, 288 (D.D.C. 2007) (same).

To the extent the Court has jurisdiction over any of the claims in Counts 8-11, each fails to state a claim upon which relief can be granted. Plaintiffs assert a litany of statutory violations in Count 8 – none of which makes any sense. At bottom, Plaintiffs claim that "[t]he statutory construction, strictures, and limitations clauses set out in 26 U.S.C. § 6331 *et seq.*, restrict the administrative non-judicial seizure and taking of personal property belonging to government employees and other officers of the United States, to which the Plaintiffs are not a party . . . ." (Am. Compl. ¶ 94.) In other words, Plaintiffs argue that because they are not employees of the Government, they are not

15

subject to taxes. This argument is without merit and has been rejected by numerous courts. See Peth v. Breitzmann, 611 F. Supp. 50, 53 (E.D. Wis. 1985) (rejecting plaintiff's arguments that, as a private-sector employee, his wages are not subject to federal taxes and withholding); Biermann v. Comm'r, 769 F.2d 707, 708 (11th Cir. 1985) (rejecting tax protester's arguments that wages are not income, that he is not subject to withholding taxes, and that he is not liable for tax as "patently frivolous" and "warrant[ing] no further discussion"); In re Weatherly, 169 B.R. 555, 560 (Bankr. E.D. Pa. 1994) ("easily" rejecting debtor's argument that only federal employees are subject to federal income tax). Plaintiffs also allege that the IRS violated 26 U.S.C. § 7214 when it issued a fraudulent federal tax lien. Section 7214, however, is a criminal statute that does not provide for a private right of action and thus is "not enforceable through a civil action." Andrews v. Heaton, 483 F.3d 1070, 1076 (10th Cir. 2007); accord Wesselman v. United States, 501 F. Supp. 2d 98, 100 n.1 (D.D.C. 2007). Thus, Plaintiffs have failed to state a legally cognizable claim and Count 8 will be dismissed.

In Count 9, Plaintiffs claim that the United States violated the Paperwork Reduction Act of 1990 ("PRA"), 44 U.S.C. § 3501 *et seq.*, during its enforcement of the internal revenue laws. The PRA prohibits a federal agency from adopting regulations which impose paperwork requirements on the public unless it receives approval from the Office of Management and Budget ("OMB"). See 44 U.S.C. § 3507. Plaintiffs are correct that no person shall be subject to any penalty for failing to provide information to any agency if the information-collection request does not display the control number assigned by the OMB. 44 U.S.C. § 3512. But the PRA also specifically provides that it

16

shall not apply to the collection of information during "an administrative action or investigation involving an agency against specific individuals or entities." 44 U.S.C. § 3518(c)(1)(B)(ii). Furthermore, the requirement to file a tax return and pay the tax owed is mandated by statute, not by regulation, and the PRA does not apply to the statutory requirement. United States v. Wunder, 919 F.2d 34, 38 (6th Cir. 1990) (explaining that the PRA "does not apply to the statutory requirement, but only to the forms themselves"). Count 9 will be dismissed.

In Count 10, Plaintiffs argue that the tax levies violated the antitrust laws pursuant to 15 U.S.C. § 17. Yet again, this claim is without merit. "States and other public agencies do not violate the antitrust laws by charging fees or taxes that exploit the monopoly of force that is the definition of government." Arsberry v. Illinois, 244 F.3d 558, 566 (7th Cir. 2001). Count 10 will be dismissed.

Finally, Plaintiffs claim in Count 11 that "Defendants failed to impose or make [Plaintiffs] **liable for any tax imposed** by Title 26 of the United States Code . . . [and] [n]o evidence exists to support the [Defendants'] contention that an act of Congress imposed any tax liability under the internal revenue laws for tax years ending December 31, 1996 and 1997. . . ." (See Am. Compl. ¶¶ 128, 130 (emphasis in original).) In other words, Plaintiffs do not feel that they have to pay taxes. This is patently frivolous and the Court will dismiss it without further analysis. See, e.g., Denison v. Comm'r, 751 F.2d 241, 242 (8th Cir. 1984) (finding frivolous the taxpayer's claim that wages are not income and income tax is unconstitutional).

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that the Defendants' Motion to Dismiss (Doc. No. 21) is **GRANTED** and Plaintiffs' Amended Complaint (Doc. No. 14) is **DISMISSED WITH PREJUDICE**. **LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: August 4, 2008

                                                s/Richard H. Kyle
                                                RICHARD H. KYLE
                                                United States District Judge